First case on today's docket is cause number 21-50526, United States of America v. Michael Earl Henderson. Is the appellant ready to proceed, and is the appellee ready to proceed? You may proceed. May it please the court, Brad Bogan for Michael Earl Henderson. This case involves the straightforward application of this court's precedent on improper delegation of Article III judicial authority by a district court to a person who is not a judge. In this case, that delegation takes the form of a supervised release condition that delegates to the probation officer the power to decide whether Henderson poses a risk to anybody else, and if so, the power to decide whether to require Henderson to notify people of that risk. Now, this court had noted in Barber that it has repeatedly vacated similar conditions of supervised release that delegate authority to the probation officer. Some of those conditions the court vacated because they were ambiguous as to whether the court had actually delegated the authority to the probation officer or retained the authority for itself. Those conditions contain language. They usually involve treatment conditions such as mental health, drug treatment, that sort of thing, and the conditions would be phrased, as deemed necessary by the probation officer, the defendant shall participate in treatment. In Franklin, the court sent a case back to the district court for clarification on whether the court really meant to give the probation officer that sole authority or to retain it for itself. But there's other conditions where the condition itself expressly delegates that authority to the probation officer and this court has invalidated them. For example, there's a condition that used to be common. It was related to a mental health or drug treatment condition that required the defendant to comply with any lifestyle restrictions or other restrictions imposed by a therapist. And this court held that that was an improper delegation because it effectively gave the therapist the power to impose a sentence by imposing conditions with which a defendant must comply on pain of potentially being revoked and sent back to prison. So there's been a lot of these cases and in Huerta, this court noted that there's two principles that have emerged from this precedent. The first is that the district court must have the final say on whether a condition will be imposed or not because that is a core judicial function that involves imposing a sentence and that cannot be delegated to a non-Article III actor. The second principle is that any delegation of authority, which would be the delegation to the probation officer to just administer the details of a condition, which is permissible, but that delegation would end when the condition involves a significant deprivation of liberty. And that's what the court found, for example, in the cases involving delegation to a treatment provider to impose lifestyle restrictions. And in Franklin, the court said, well, that would be an improper delegation if, in fact, the district court had meant for the probation officer to have the authority to decide whether a defendant should participate in treatment or not. Mr. Bogan, I guess just one sort of general question, and you may not know this or not, but I'm just curious. Are you aware of other appeals currently pending in our court that are testing the same condition? Yes, I don't know the exact number, but I think it's in the neighborhood of 10 to 15. Most of those have been stayed pending the issuance of a mandate in this case or two or three others that were also filed around the same time. So, and again, you may not know this, and we can certainly figure it out, but are you aware of any of the pending cases that are squarely presenting this issue on an abuse of discretion review as opposed to, in this case, as I understand it, both parties concede that this is plain error review? Yes, that's correct. Okay, so do you know of any, maybe your office's handling or anything like that? I don't know of any. I don't have any where the issue was preserved, and I don't believe any of the other cases from my office have the issue. Okay, well, you understand why I'm asking, because plain error review is a more difficult hurdle. So on that point, I mean, I know you're conceding plain error review, but just so I can understand, Mr. Henderson had had this particular condition imposed on him sometime before, right? Yes, it was part of the conditions in the original judgment. So, I mean, you're not contesting that he was aware of that. I mean, he was out there with conditions on him already, so he knew about the condition. Correct. Okay, so he knew about it, and then when he came up on the revocation hearing in this particular case, it is true, isn't it, that the judge asked his attorney, is there anything further you want to say about the conditions? Correct. Okay, so would you agree that he had the opportunity to object to this preexisting condition that had been on him for some time? Yes, partly because it had been in the original judgment, although by the time of revocation, it's essentially the imposition of a new sentence. But this condition is found in a standing order in the Western District of Texas that has a long list of the mandatory conditions from the statute, as well as I think there's 16 or 17, depending on what type of case it is, that are called standard conditions, most of which come from the sentencing guidelines. Okay, so since you concede all that, plain error, what's your argument on plain error for why we would reverse this? The argument is that it follows from a straightforward application of this Court's precedent, and I filed a 28J letter last week citing this Court's recent decision in Rodriguez-Flores, which again made clear that if the conclusion of error clearly follows from existing precedent, then it can be plain. Well, forgive me, but what was the condition at issue in Rodriguez-Flores? Rodriguez-Flores was not a supervised release condition case. It involved recidivist enhancement. I can't remember if it was an aggravated felony, but the basic issue was the divisibility of the statute underlying the prior conviction. Have any other courts outside of our circuit considered this particular risk notification provision? Yes. The Tenth Circuit has held that it's an improper delegation. The Eleventh Circuit has held that it's not. But the original Eleventh Circuit case that held that, which is, I believe that's Nash, actually involved a different version of the condition because, you know, this condition is lifted verbatim from the sentencing guidelines. It used to be the case that the condition said, as directed by the probation officer, the defendant shall notify people of any risks he poses by virtue of his criminal history or his personal history and characteristics. And the Seventh Circuit had held that that condition, as phrased, was ambiguous. The Eleventh Circuit said there was no delegation problem because the condition said the defendant shall notify, and the parenthetical, or not the parenthetical phrase, but the clause, as directed by the probation officer, was simply delegation to the probation officer to administer what the district court had said the defendant must already do. So after the Eleventh Circuit decided that case, the Commission amended that recommended supervised release condition to remove what the Seventh Circuit considered to be an ambiguity, and so now it's in its current form. Since then, the Eleventh Circuit has said that the condition as revised was basically just a clarification of the preexisting condition and so its prior decision in Nash controls. But that's incorrect because, again, the condition as it read in Nash said the defendant shall notify but was preceded by the proviso, or not the proviso, but the delegation to the probation officer as directed by the probation officer. So the probation officer was just administering the condition. As it's written now and as imposed in Henderson's case, the condition clearly says that the probation officer shall have the power to decide two things. One, whether the defendant poses a risk to someone else, and if so, whether to require him to notify people of that risk. And in substance, that's really no different from the condition that this Court has vacated before, both on preserved and plain error review that delegates to a therapist, either a mental health or drug treatment therapist, the power to impose lifestyle restrictions. Yeah, I think I was on a panel involving, I don't know if it was therapy or might have been inpatient treatment versus outpatient treatment. Maybe it was Martinez, and we have some cases on that. I don't recall. Are any of those cases plain error cases? So Martinez and Madeleine Guadalupe. Yeah, those are the cases. I believe those are preserved, if I remember correctly. And they came out with interesting results in relation to each other. And then later in Huerta, this Court vacated it. I might have missed hearing it, but what is your position on our standard of review? Is it plain error or abuse of discretion? It's plain error because we had notice of the condition because it's contained in the Western District of Texas' standing order that has a long list of supervised release conditions of which this is one. And it was, you know, the conditions were imposed at the revocation hearing. So we didn't object to them. So, yes, we're on plain error review. But returning to the inpatient-outpatient question and Huerta, the Court made an effort to reconcile those two. And in short, if it's a relatively short prison sentence, then it's an improper delegation. If the sentence is long enough, then it's not. I'm not sure really how that would apply here. I suppose this case falls on the line. Well, fortunately, I don't think we have to decide whether our precedent is consistent on that point. Right, right. But anyway, to the extent that Huerta has cleared that up, this is a relatively short sentence. Henderson got 21 months for the revocation, and he's due out, I believe, in November of this year. So it's imminent that the condition will take effect against him. And just a couple of final points on plain error review. Again, in Barber, this Court said that we've repeatedly vacated improper delegations on preserved and plain error review, and it affects a defendant's substantial rights because delegation of Article III authority to someone who's not an Article III actor is itself an effect on substantial rights. And as for the discretionary fourth prong, the Court has said it's important to preserve the judiciary's sole power to impose a sentence and not allow that to be delegated to someone who does not have that authority. Thank you. Unless there are any further questions? Thank you, Counsel. Thank you. Good morning. I'll ask you the same question. What is our standard of review? I believe your standard of review is plain error review because it was not preserved below. Okay, so you are in agreement with counsel opposite? We're in agreement on what the standard is. We are not in agreement on whether this involves a straightforward application of this Court's precedents. The plain error standard, as you know, is one that first looks to whether there's a clear or obvious error. It occurred to me last night, the only thing that's clear or obvious to me in this area is that there's nothing clear and obvious about it. This Court has considered, I believe in one case, this particular guideline. It's in the Johnson case. And in that case, the Court said that under plain error review, there was no plain error because there was no prior precedent from the circuit on this particular issue. This Court has considered the delegation issue in a number of contexts. And I believe, Judge Duncan, you are on Martinez. Martinez came out at the same time as Guadalupe did. I frankly don't understand how those two fit together. And that's not a criticism of the Court. This is a difficult area. It's okay to criticize. Well, you were first. I think yours was first. I didn't want to. But in any event. We may have to resolve these issues. Well, and I think that's the real conundrum here is there's, my understanding is we have about 15 of these cases. These risks. With this particular guideline, with this particular condition. So it has to be resolved at some point. And if we keep kicking it out on plain error, well, then it's just sort of kicking the can down the road. Yeah, but, I mean, the standard review is important. I understand. I mean, I would think the obvious thing is to find a case that actually has this preserved error. Right. And we can tee it up that way. And I didn't think to ask our appellate chief if that's one of the ones that is in the queue. But as far as the other conditions that this Court has considered, it's considered some under plain error, some under abusive discretion. And they kind of go both ways. And a lot of it depends on what the particular wording of the condition is. But this one clearly delegates the authority for making a determination about whether or not the defendant reports that he's at risk. Delegates all of that authority to the probation office. I mean, there isn't any question about that. The argument that I would make contrary to that is if the Court has made a distinction between where the district court has made the core decision about the condition and has left to the probation officer the details of overseeing and supervise, place, time, modality, and so forth. I think what this condition is doing is the Court is saying when there is a risk that's posed by the defendant. But who's going to make the determination about when there is a risk? Who makes that determination? And as the condition is written, it says I think it's the probation officer and the defendant. I mean, the— And so for the life of me, I don't know how that is delegating the authority to make that determination to the probation officer. I mean, I think you agree with me. That's what it does. It certainly reads that way. Except I read the Nash case as having a similar language as—and somehow Nash came out. That's the—I think that's the Eleventh Circuit case. It's the prior version of this particular condition. But they came out and said, well, that one actually just went to the oversight and the exercise of the probation officer's responsibility. Because there's another issue in all of this that hasn't been raised, and that goes to vagueness. And vagueness is the vagueness of the condition. And that was raised specifically in other circuits in reference to the prior version. The prior version said as directed by the probation officer, the defendant shall notify third parties of risk. And that was challenged, and it was found—it was basically found to be vague by a couple of courts. And the commission changed its language, addressing the vagueness question. I have a question of my own. Both of those sound like a—I mean, I'm not saying it's an impermissible delegation, but both of those sound like some kind of delegation to the probation officer. Well, but if the one says you have to report that you're a risk as designated, as directed by the probation officer, then a determination has been made that you are a risk. The only question is how it gets reported, and that's directed by the probation officer. But if the probation officer in the first instance makes the determination about whether or not you are a risk, that's a delegation of authority to the probation officer. That's different than saying you are a risk and the probation officer determines how you report it. I just—it's clear to me that there's a difference between the two. I understand, Judge, but I think another judge could interpret it a different way, and it hasn't been interpreted yet. And that's what Nash did, and I think the language in Nash could be applied here, and that's the reason that it's not a simple, straightforward application of precedent. It's not a clear outcome. I agree with you. If I were betting, I'd say that the odds are that you've got the outcome. But that hasn't been resolved at this point, and I don't think that it's crystal clear on the Court's precedents. I mean, we don't have a published precedent addressing this. On this particular—the only—no, and Johnson is not published. Johnson is an unpublished decision. But that's the issue before the Court, and unless there's questions, I'm not—I don't know that I have anything else to add to it. I've run out of questions. I've run out of things to say, Judge. Thank you very much. Thank you. Thank you. Rebuttal. Two points, Your Honor. One, on the wording of the condition and any distinction between the condition in Nash and the condition as it now is, it would be easy to—for a court to revise this condition to either directly require the defendant to notify without running that decision through the probation officer. I was reviewing a record a week or two ago where the district court had changed the language from the Western District Standing Order, and it said you must notify third parties of any risks that you pose. And, of course, it was still up to the probation officer to administer that condition. But that's not the condition that we have here. Here, the condition clearly delegates this authority to the probation officer without retaining any second look, any supervision by the district court over that decision. Remind me why, if it's reflected in the PSR or elsewhere, why would this condition have been imposed in this case? Is that obvious from the PSR? Well, this is a revocation, so there's no PSR. Right, right, right. I don't remember if there's anything in the PSR. I can say that most of the judges in the Western District routinely impose supervised release in just about every case, and in cases where supervised release is imposed, almost always just routinely order imposition of the conditions from the Western District Standing Order. So, at least here, and I don't remember seeing it anywhere else, was there any particular reason offered by the district court for requiring or letting the probation officer require risk notification? I think my understanding is the same as yours. It's just part of a standing order in the Western District. It's one of the ones that's in that order. Yes. So when they're imposing conditions, that one gets handed out like Halloween candy to everybody. I mean, there's no reason why somebody can't object to this, right? And to my eternal frustration, yes, Your Honor, it should be objected to. Unfortunately, it wasn't. But I think under this court's precedence, it is clearly an improper delegation, which gets me to the second point. Mr. Durbin mentioned this court's unpublished decision in Johnson that confronted this same issue on plain error review, and Johnson said we haven't addressed this condition in a published case, therefore it can't be plain error. But this isn't a situation where the court is riding on a completely clean slate. If this court had no precedent on improper delegations or if this court didn't have precedent on, like, the therapist delegation that I mentioned before, then this would be a tougher case for plain error. As our precedent stands, however, it's not that every delegation to a probation officer is invalid. Isn't that true? Yes, that's correct. A court may delegate the details of the administration of a condition to the probation officer. So, for example, there have been treatment conditions that delegate to the probation officer the modality, the duration, the intensity of treatment. I believe that was the condition at issue in Huerta. And this court said that's fine because the core condition was that the defendant shall participate in treatment. So it wasn't a treatment or no treatment decision that was left to the probation officer. It's just how that treatment was addressed. But the precedent is clear that if it's a core condition, it needs to be made by the Article III and not by a probation officer. Yes, that's correct. Unless the court has any other questions, I would ask the court to vacate the condition. All right. Thank you, counsel. Thank you. All right. The court will take this matter under advisement. I think that concludes our live oral arguments for today. We have something virtual. So we are adjourned.